IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM VIRGIL LEE BURGETT,

          **Plaintiff,**

    v.                                                                    CASE NO. 17-3052-SAC

(FNU) BETZEN, et al.,

          **Defendants.**

## NOTICE AND ORDER TO SHOW CAUSE

Mr. Burgett, a pretrial detainee confined in the Johnson County Adult Detention Center in Olathe, Kansas, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. He proceeds in forma pauperis.[1] Mr. Burgett alleges that defendants violated his "fundamental right to the rearing of [his] children", his "unalienable right to be left alone from the government" and his "unalienable right not to be harassed by the government" and makes various complaints about two court proceedings – one juvenile, and one criminal – pending in Johnson County, Kansas. He names as defendants Olathe police officers Betzen, Lanphear, Falcoln, Hill, and Hacker and sergeants Totte and Little; Johnson County detective Spegal, prosecutor Erika Demarco, and judges Neil Foth, and Charles Droege; KVC Kansas ("KVC") employees Grant Owens and Megan Hosterman; and Erika Dameko and Laura Rose. As relief, plaintiff seeks $750,000 in damages and U.S. Marshal help with retrieving his children.[2]

---

[1] On April 4, 2017, the court granted plaintiff's motion for leave to proceed in forma pauperis and directed plaintiff to pay an initial partial filing fee of $15.00 within 14 days of receiving the order. Plaintiff made the initial payment on April 13, 2017.

[2] Plaintiff has attempted to add claims and defendants piecemeal in various filings, including an amended complaint (Doc. 6), two supplements to the amended complaint (Docs. 10 & 11), and various affidavits and medical, police, and court records. Because plaintiff proceeds pro se, the court has reviewed all pleadings and attachments to evaluate plaintiff's claims.

Plaintiff acknowledges that both the criminal and juvenile proceedings involving the same facts remain pending in Kansas state court. He included with the complaint a copy of the docket sheet for Case No. 2:17-cv-02084-DDC-TJJ (D. Kan.), which documents plaintiff's attempt to remove the pending state child custody proceedings to federal court and the subsequent remand for lack of subject matter jurisdiction. Plaintiff has also filed two pleadings in this matter attempting to remove his pending state criminal case to this court.

## HABEAS CORPUS UNDER 28 U.S.C. § 2241

Because the complaint raises a claim of illegal confinement and challenges a state criminal court action, that portion of this action is properly considered as a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See Preiser v. Rodriguez,* 411 U.S. 475, 498 (1973); *U.S. v. Furman*, 112 F.3d 435, 438–439 (10th Cir. 1997), cert. denied, 513 U.S. 1050 (1994).

The court is required by Rule 4 of the Rules Governing Section 2254 Cases, 28 U.S.C.A. foll. § 2254 (HC Rule 4) to review a habeas petition upon filing and to sua sponte dismiss the petition without ordering a responsive pleading if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id., see also Mayle v. Felix,* 545 U.S. 644, 655 (2005); *McFarland v. Scott,* 512 U.S. 849, 856 (1994). Under 28 U.S.C. § 2241(c)(3), the writ of habeas corpus shall not extend to a pretrial detainee with pending state criminal charges unless he is in custody in violation of the Constitution or laws or treaties of the United States. Having examined all materials filed, the court finds this portion of action upon screening subject to dismissal because petitioner has not exhausted the remedies available to him in the Kansas state courts and because *Younger* abstention precludes this court's intervention in petitioner's state court action.

As grounds for relief, plaintiff alleges various claims against police officers, his attorney, and a state court judge, related to the investigation and prosecution of a criminal case against plaintiff that arose after he took his children from a supervised visit. Specifically, Plaintiff alleges that (1) Olathe police Officer Hacker and Major Lanphear searched plaintiff's car and property and seized plaintiff, his wife, and his children without reading plaintiff his Miranda rights and without probable cause; took his DNA; and made false charges that publicly defamed plaintiff's character; (2) Officer Falcoln deprived plaintiff of his parental rights by taking his children and by pulling a gun on plaintiff's wife in view of their children; (3) Judge Droege violated his due process rights by attempting to "order a plea of insanity", requiring plaintiff to undergo a competency exam, holding plaintiff for more than two months without a preliminary hearing, and tampering with court records; (4) Erika Demarko violated his due process rights by failing to provide disclosures and discovery; and (6) Erika Demarco and Judge Droege violated plaintiff's due rights by rescheduling plaintiff's preliminary hearing and by entering "no contact" orders on plaintiff's wife and children.

Under 28 U.S.C. § 2254(b)(1), the court cannot grant an application for writ of habeas corpus on behalf of a person in state custody unless the applicant shows that (1) he has exhausted the remedies available to him in state court or (2) the state corrective process is either unavailable or ineffective. Accordingly, a petitioner challenging pretrial detention is required to fully exhaust the remedies available in the state courts before seeking relief in federal court. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (a habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.); *Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002); *Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981). To satisfy this exhaustion prerequisite, petitioner must have presented the very issues raised herein

to the Kansas Supreme Court, either by way of direct appeal or by state post-conviction motion. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971).

In his complaint and related filings, plaintiff states that his criminal charges remain active pending indictment and that he sought removal of his juvenile court case to federal court, which then remanded it. Plaintiff presents no evidence or information that he has exhausted – or attempted to exhaust – remedies available in the courts of this state. The proper procedure for review of plaintiff's claims is to file a petition under K.S.A. § 60-1501 for state habeas relief. Plaintiff has not done so, and despite plaintiff's claims that Judge Droege and Erica Demarco are denying him due process by rescheduling his preliminary hearing, he presents no evidence to suggest that the available state court processes are ineffective or futile. Accordingly, the court finds that plaintiff's habeas corpus claims should be dismissed, without prejudice to his filing another federal petition once state remedies have been exhausted.

Additionally, the court finds the abstention doctrine precludes this court's intervention in plaintiff's pending criminal action. Federal courts generally should abstain from enjoining state criminal proceedings that (1) are ongoing, (2) offer an adequate forum to hear the plaintiff's federal claims, and (3) implicate important state interests. *Younger v. Harris,* 92 S. Ct. 746, 43 (1971); *see Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 432 (1982). These three conditions are met in this case. Plaintiff's state criminal proceeding is ongoing, and the prosecution of a person accused of violating state law implicates an important state interest. *See, e.g., Hicks v. Miranda*, 422 U.S. 332, 349 (1975) (invoking *Younger* abstention in a case involving a pending state criminal prosecution, noting that the doctrine permits state courts to try state cases without a federal court's interference). Finally, the Kansas courts provide plaintiff with an adequate opportunity to present his federal claims.

To avoid application of the abstention doctrine, plaintiff must demonstrate "harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971); see *Younger v. Harris*, 401 U.S. at 54 (recognizing an exception when the claimant shows "bad faith, harassment, or any other unusual circumstance that would call for equitable relief"). Notwithstanding plaintiff's broad claims that he is being prosecuted unfairly, the record discloses no factual allegations suggesting either that plaintiff would suffer irreparable injury if the state court proceedings were allowed to go forward, or that the criminal charges were brought by the prosecutor with no hope of a valid conviction but merely to harass him. The court thus finds that all the Younger abstention conditions are satisfied in this case, and that the habeas portion of plaintiff's action subject to dismissal without prejudice.

Finally, plaintiff's claim for money damages should be dismissed, because money damages are not available as relief in a habeas corpus petition. Only after a prisoner succeeds in obtaining habeas corpus relief because of a violation of his constitutional rights may he bring a civil action for damages against the person or persons whose misconduct led to the illegal confinement, assuming that person does not have immunity. *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); 42 U.S.C.A. § 1983.

### SCREENING UNDER 28 U.S.C. § 1915A

The court is required by statute to screen the complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). "To state a claim under § 1983, a plaintiff must allege the violation of a right

secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A pro se party's complaint must be given a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a party proceeding pro se has "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff bases his remaining claims upon a juvenile court action that arose when plaintiff's 4-year-old daughter and newborn son were placed into police protective custody after the newborn tested positive for marijuana and methamphetamines. Plaintiff conclusorily alleges that (1) Judge Foth and Grant Owens violated plaintiff's parental and due process rights; (2) KVC deprived plaintiff of his parental rights; (3) Laura Rose violated the Fourth and Fourteenth amendments by taking plaintiff's children without a temporary custody order; and (4) KVC "adopted [plaintiff's] children out" without plaintiff's permission.

Because these claims also arise from actions pending in Kansas state court, the abstention doctrine precludes this court's intervention and leaves the claims subject to dismissal. As noted above, federal courts generally should abstain from enjoining state proceedings that (1) are ongoing, (2) offer an adequate forum to hear the plaintiff's federal claims, and (3) implicate important state interests. *Younger,* 92 S. Ct. at 43. These three conditions are met: the juvenile court proceeding is ongoing, *Younger* abstention regularly applies in child custody cases, s*ee Morkel v. Davis,* 513 Fed. Appx. 724, 728 (10th Cir. 2013) (collecting cases), and the Kansas courts provide plaintiff with an adequate opportunity to present his federal claims.

6

For the reasons stated herein, it appears that this action is subject to dismissal in its entirety as frivolous and for failure to state a claim. Plaintiff is therefore required to show good cause why his complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper Amended Complaint upon court-approved forms that cures all the deficiencies discussed herein. If he does not file an Amended Complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient pleadings.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff is granted until November 19, 2017, to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why plaintiff's complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that until November 19, 2017, plaintiff may file a complete and proper Amended Complaint to cure all the deficiencies discussed herein.

**IT IS FURTHER ORDERED** that plaintiff's motion for issuance of summons (Doc. 15) is denied.

The clerk is directed to send forms and instructions to plaintiff.

**IT IS SO ORDERED.**

Dated this 20nd day of October, 2017, at Topeka, Kansas.

                                                  <u>s/Sam A. Crow</u>
                                                  **U. S. Senior District Judge**